## In re Insurance Company Capitalization

UMSTED, Deputy Attorney General, August 14, 1945. —You inquire whether a domestic insurance company may issue preferred stock, and if so what are the voting and other rights of the holders of such stock.

In the absence of legislation forbidding it, a corporation has the inherent right to issue preferred as well as common stock: 11 Fletcher Cyclopedia Private Corporations §5284; 18 C. J. S. Corporations §222(c); Hoffman v. The Pennsylvania Warehousing & Safe Deposit Co. et al., 18 Phila. 331, 43 Legal Intelligencer 250, 1 Pa. C. C. 598 (1886).

The insurance laws of Pennsylvania under which insurance companies are formed and operate contain no restriction or limitation against the issuance of preferred stock by an insurance company. The various sections of The Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §361 et seq., throw no light on this subject since they refer merely to capital stock.

In section 205 of this act, it is provided that the capital stock of all stock insurance companies shall be divided into shares of not less than $5. In section 302 it is provided that the stock of every insurance company shall be deemed personal property and that any stockholder shall be entitled to receive a certificate of the

number of shares standing to his or her credit on the books of the company. Section 306 provides for transfer of stock on the books of the company and for voting in person and by proxy.

Section 309 provides that in the choice of directors or trustees, and at all meetings of the company, each share of stock in a stock company shall be entitled to one vote. Section 310 provides for cumulative voting for directors. Sections 323 and 324 provide for increase of capital stock. Sections 328, 329, 330, and 331 provide the method for reducing capital stock. Sections 520 and 607 provide the procedure when capital is impaired.

From the foregoing it follows that an insurance company, its charter permitting, may issue preferred as well as common stock. Both common and preferred stock must be at a par value of not less than $5 a share, but they need not have the same par. Each, however, must have voting rights of one vote per share. The preferred stock may not be called or redeemed, unless the capital of the company be reduced in accordance with the provisions of sections 328 to 331, inclusive, of The Insurance Company Law of 1921. The preferred stock may be preferred as to dividends or in distribution ahead of common stockholders, but since it represents the capital of the company, it cannot be preferred over creditors or to the reduction of legal reserves. The other sections of The Insurance Company Law, heretofore referred to, are applicable to both common and preferred stock.

The common law throws certain safeguards around the issuance of preferred stock by any corporate entity to protect the interest of preëxisting common stockholders or subscribers. These, of course, must be observed where an insurance company is concerned. As an instance, without unanimous consent of common stockholders, a new preferred stock may not be issued under terms which will impair their vested rights.

We have given you in the above a general statement of our views but because preferred stock may contain

as many different covenants as the ingenuity of corporation counsel may devise, we feel that in the case of the proposed issuance of preferred stock by any insurance company, the particular issue should be studied and passed upon to determine whether it meets or fails to meet the requirements of law.

We are of the opinion and you are accordingly advised that a domestic stock insurance company, its charter permitting, may issue preferred stock provided it has par value of at least $5 a share; provided it allows the shareholders voting rights of one vote per share; and provided, that the stock is not callable or redeemable, except in compliance with sections 328 to 331, incl., of The Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §361 et seq.